# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-01266-SCT

*CHARLES R. PHILLIPS AND RJK INVESTMENTS, LLC*

*v.*

*JOEY P. KELLEY, KEITH D. TEMPLET, PIKE COUNTY NATIONAL BANK AND SAMUEL C. HALL*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/2010 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RONALD E. STUTZMAN, JR. |
| | EDUARDO A. FLECHAS |
| | JASON MARSH |
| ATTORNEYS FOR APPELLEES: | WAYNE SMITH |
| | WILLIAM C. BRABEC |
| | LINDSEY N. OSWALT |
| | JARED CARRUBBA |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 10/27/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Charles R. Phillips and RJK Investments, LLC, appeal from an Order of Dismissal entered in the Pike County Circuit Court dismissing with prejudice all claims in the present action pursuant to a compromise and settlement order entered in the United States Bankruptcy Court for the Southern District of Mississippi.  Because Phillips and RJK failed

to challenge the bankruptcy court's order in bankruptcy court, and because they are now attempting to attack the order collaterally, we affirm the trial court's Order of Dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2. Charles R. Phillips, through RJK Investments, LLC, was the sole owner and manager of a Wings and Things restaurant franchise in Pike County, Mississippi. After a fire damaged the restaurant, defendants Joey P. Kelley, Keith D. Templet,[1] Pike County National Bank, and Samuel C. Hall seized control of the restaurant franchise and certain property allegedly belonging to the plaintiffs.

¶3. On April 25, 2008, Phillips and RJK[2] brought suit in the Pike County Circuit Court against the defendants, alleging conversion, fraud, misrepresentation, negligence, defamation, appropriation, false light, injurious falsehood, intentional interference with an existing contract, and intentional interference with prospective business relations in connection with the defendants' seizure of certain property allegedly belonging to the plaintiffs.

¶4. While this case was pending, on November 18, 2008, Phillips, in his individual capacity, filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi. Derek A. Henderson was appointed trustee of the bankruptcy estate.

---

[1]Templet's name is spelled "Templett" in the Appellee's briefs. However, in both the trial court's and the bankruptcy court's orders, the "Templet" spelling is used. Accordingly, we use the "Templet" spelling throughout this opinion.

[2]Phillips claims to be the sole member and manager of RJK.

¶5.    The trustee filed a Motion to Approve Compromise and Settlement in the bankruptcy court.  Notice of the motion was given to counsel for Phillips and RJK, as well as Phillips himself.  The bankruptcy court entered an order, a copy of which is attached to this opinion, granting the trustee's motion, thereby approving the compromise and settlement.  In its order, the bankruptcy court specifically ordered the trustee to take the following action in the instant case, which was suggested in the trustee's motion:

> The Trustee shall execute an Order of Dismissal with prejudice in the case of *RJK Investments and Charles R. Phillips v. Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall* . . . . Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall will be released from any further responsibility and liability in this case . . . .

Pursuant to the order of the bankruptcy court, the trustee moved the Pike County Circuit Court to enter an Order of Dismissal in the present action.  Taking notice of the bankruptcy court's order, the circuit court found that the trustee had "complete authority to execute *any and all releases* concerning this cause of action."  (Emphasis added.)  The circuit court entered the Order of Dismissal on July 1, 2010, dismissing with prejudice the entire cause of action.

¶6.    Apparently unaware of the circuit court's order, on July 22, 2010, Phillips filed a Motion for Voluntary Dismissal in the present action, seeking to have his individual claims (and only his individual claims) dismissed pursuant to the bankruptcy court's order.  In his motion, Phillips asserted that the bankruptcy court's order did not apply to or affect the claims of RJK and that RJK was not dismissing its claims against the defendants.  On July 26, 2010, Pike County National Bank and Hall responded to Phillips's motion, claiming his

3

motion was moot due to the circuit court's Order of Dismissal and objecting to Phillips's characterization of the bankruptcy court's order. Kelley and Templet joined in this response.

¶7.     On July 30, 2010, Phillips and RJK replied to the defendants' Joint Response, asserting that neither the plaintiffs nor their counsel were given notice of a hearing on the Order of Dismissal, and reiterating that the bankruptcy court's order did not encompass the claims of RJK in the present action. Finally, on August 2, 2010, before the trial court could rule on Phillips's Motion for Voluntary Dismissal,[3] Phillips and RJK filed a Notice of Appeal from the circuit court's Order of Dismissal.

## ISSUE

¶8.     This Court is asked to consider whether the trial court properly dismissed the claims of RJK.

## DISCUSSION

¶9.     Phillips and RJK attempt to couch their appeal not as a challenge to the bankruptcy court's order, but rather as a challenge to the actions of the trustee. They argue that, by moving for the dismissal of RJK's claims in the present action, the trustee exceeded the scope of his authority as granted by the bankruptcy court. The plaintiffs argue that RJK's

---

[3]Although there is an outstanding motion in the trial court in this matter, this action *is* ripe for consideration on appeal. The trial court's Order of Dismissal disposed of all claims against all parties, making it a final, appealable, order. After the Order was entered, Phillips filed his Motion for Voluntary Dismissal under Rule 41 of the Mississippi Rules of Civil Procedure. M.R.C.P. 41. After Phillips filed his motion, but before the motion was ruled upon, the plaintiffs filed their Notice of Appeal, appealing the Order of Dismissal. Under the Mississippi Rules of Appellate Procedure, the plaintiffs' Notice of Appeal is effective notwithstanding a lack of disposition on Phillips's Rule 41 motion. M.R.A.P. 4(d).

4

claims in the present action were not included in the bankruptcy court's order, since only Phillips, and not RJK, filed for bankruptcy.

>   *A)* *The bankruptcy court's order clearly encompasses the claims of RJK, and Phillips should have asserted any challenge to that order in bankruptcy court or on appeal therefrom.*

¶10. The face of the bankruptcy court's order contradicts the plaintiffs' argument. The order plainly directed the trustee to execute an Order of Dismissal as to all claims in the present action. The order states that the defendants "will be released from *any further responsibility and liability in this case*." (Emphasis added.) The order does not limit the Order of Dismissal to only the claims belonging to Phillips. The order releases the defendants from *any* further responsibility and liability, which necessarily would include any claims of RJK.

¶11. Furthermore, the bankruptcy court was cognizant of RJK when it issued its order. The order makes two specific references to RJK in its mandates, requiring both Regions Bank and Pike County National Bank to execute releases to "RJK Investments, LLC" in connection with their receipt of settlement payments. Also, after listing the cases in which Phillips was involved, including the instant action with RJK, the court touts the settlement as resolving "all controversies and issues," indicating finality with respect to the actions listed.

¶12. Although Phillips and RJK allege that the trustee exceeded his authority in moving to dismiss RJK's claims in the present action, the bankruptcy court clearly ordered the trustee to do so. Accordingly, the plaintiffs' appeal is, in reality, a challenge to the bankruptcy court's order, or a challenge to the bankruptcy court's jurisdiction over RJK's claims.

However, this state-court proceeding is neither the time nor the place for the plaintiffs to challenge the order of the bankruptcy court.

¶13.    The proper arena for the plaintiffs to challenge the bankruptcy court's order is in bankruptcy court.  *See **Celotex Corp. v. Edwards***, 514 U.S. 300, 313, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995) (holding that the proper place for respondents to challenge an injunction issued by the bankruptcy court was in bankruptcy court, not in a separate federal-court proceeding).  If, after having done so, the plaintiffs were unhappy with the bankruptcy court's ruling, they could have appealed to the district court for relief.  *See **id.*** ("If dissatisfied with the Bankruptcy Court's ultimate decision, [Appellants] can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving.'") (quoting 28 U.S.C. § 158(a)).  The bankruptcy court provides the proper venue for a challenge to the clear directives of its orders.

¶14.    Such a holding is in line with this Court's precedent.  In ***Mariner Health Care, Inc. v. Estate of Edwards***, this Court refused to determine the scope of a bankruptcy stipulation, finding that such a matter was more appropriate for the bankruptcy court.  ***Mariner Health Care, Inc. v. Estate of Edwards***, 964 So. 2d 1138, 1158 (Miss. 2007) ("We therefore decline to interpret the bankruptcy stipulation and leave this determination to the bankruptcy court.").  The Court rejected the defendant's argument that particular claims of the plaintiffs were not included in the bankruptcy-court stipulation.  *Id*. at 1157-58.  In so doing, the Court, in effect, required the defendant to make his argument to the bankruptcy court, rather than in state court.  *Id.*  The Court's disposition today does the same – requiring Phillips and RJK to assert their argument to the bankruptcy court rather than the state court.

6

¶15.   Furthermore, *Mariner* is distinguishable from the instant case.  In *Mariner*, the defendant asserted the argument that the bankruptcy stipulation prohibited the plaintiffs' claims.  *Id.*  There, the bankruptcy trustee was not a party to the action nor did he seek to intervene.  In contrast, in the case at hand, the bankruptcy trustee himself moved the trial court to enter the Order of Dismissal from which Phillips and RJK now appeal.  Reversing the trial court's Order of Dismissal as to RJK's claims would go beyond "declin[ing] to interpret the bankruptcy [order] and leav[ing] this determination to the bankruptcy court." *See Mariner*, 964 So. 2d at 1158.  Rather, reversing the trial court would constitute a challenge to the bankruptcy court's order as interpreted by the bankruptcy trustee himself. The trustee was directly and intimately involved in the negotiation, proposal, and ratification of the parties' bankruptcy settlement.  It would be improper for this Court to challenge the trustee's actions in reliance on the bankruptcy court's order, particularly when the face of the order supports the trustee's interpretation.

> (B)     This Court is barred by res judicata from entertaining a collateral
>          attack on the bankruptcy court's order and jurisdiction.

¶16.   As Phillips and RJK failed to avail themselves of procedures available in and through bankruptcy court, this Court is barred by the doctrine of res judicata from entertaining a collateral attack on the bankruptcy court's order or its jurisdiction. *See **Travelers Idem. Co. v. Bailey***, ___ U.S. ___, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009) (holding that a bankruptcy court's order and jurisdiction cannot be challenged collaterally).  In *Travelers*, a bankruptcy court had entered an order in 1986 purporting to cut off future claims against the debtor's insurer. *Id.* at 2199.  Years later, after a number of actions were filed against the insurer, a

7

Clarifying Order was issued by the bankruptcy court, stating that its original order had barred the actions. *Id.* at 2201. Certain affected parties attempted to challenge the Clarifying Order, arguing that their claims fell outside the original order and that the Clarifying Order erroneously expanded the original order to bar their actions. *Id.* at 2201-02. Their challenge also appeared to argue that their claims were outside the scope of the bankruptcy court's jurisdiction. *Id.* at 2203.

¶17. The Supreme Court rejected the challenge. *Id.* First, the Court held that the actions being asserted were within the scope of the original order of the bankruptcy court. *Id.* In so holding, the Court said, "where the plain terms of a court order unambiguously apply, as they do here, they are entitled to their effect . . . a court should enforce a court order, a public governmental act, according to its unambiguous terms." *Id.* at 2204. Secondly, the Court held that the bankruptcy court's subject-matter jurisdiction could not be attacked collaterally. *Id.* at 2205. The Court held that any challenge to the bankruptcy court's jurisdiction should have been taken up on direct appeal from the original order. *Id.* Once the original order became final, the Court held, it became "res judicata to the 'parties and those in privity with them.'" *Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 130, 103 S. Ct. 2906, 77 L. Ed. 2d 509 (1983)).

¶18. As in the *Travelers* case, the plaintiffs in the present action are attempting collaterally to attack the subject-matter jurisdiction of the bankruptcy court. The bankruptcy court's order is unambiguous, and its plain terms ordered that all the claims against the defendants in the present action be dismissed and that the defendants be released from "any further responsibility and liability in this case." Having not challenged the order in bankruptcy

8

court, the plaintiffs are barred from asserting their attack in a collateral proceeding, such as this one. *Travelers*, 129 S. Ct. at 2205 ("subject matter jurisdiction . . . may not be attacked collaterally.") (quoting **Kontrick v. Ryan**, 540 U.S. 443, 455 n.9, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)). Like the claimants in *Travelers*, RJK and Phillips should have asserted this challenge in the bankruptcy court, or on direct appeal therefrom. *See Travelers*, 129 S. Ct. at 2205; *see also* **Celotex**, 514 U.S. at 313. The doctrine of res judicata prevents the plaintiffs from making a collateral attack on the bankruptcy court's final order in this action. *See Travelers*, 129 S. Ct. at 2205.

## CONCLUSION

¶19. The plain terms of the bankruptcy court's order mandated dismissal of all claims in the present action, including those of RJK. As such, any challenge to a dismissal of RJK's claims constitutes an attack on the jurisdiction of the bankruptcy court to issue such an order. Such a challenge should be made in bankruptcy court or on appeal therefrom. Since attacks on the jurisdiction of the bankruptcy court may not be made collaterally, the plaintiffs are barred from bringing this challenge. Accordingly, we affirm the trial court's Order of Dismissal.

¶20. **AFFIRMED.**

**CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER, PIERCE AND KING, JJ., CONCUR. KITCHENS, J., NOT PARTICIPATING.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          BANKRUPTCY PROCEEDING

CHARLES R. PHILLIPS                             CASE NUMBER: 08-03581 EE

## ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT

THIS MATTER COMES before the Court upon Motion to Approve Compromise and Settlement filed by Derek A. Henderson, Trustee (Docket No. 44). After reviewing the facts and considering the same, the Court finds that the Trustee's Motion is well taken. The Court finds as follows:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §105, 11 U.S.C. §328 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.

On November 18, 2008, Charles R. Phillips ("Debtor") filed his petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi. Derek A. Henderson was appointed the Chapter 7 Trustee ("Trustee").

3.

Prior to the filing of the bankruptcy petition, the Debtor was involved in three (3) lawsuit filed in Pike County, Mississippi. Certain claims are property of the bankruptcy estate. The lawsuits are as follows:

a)   *RJK Investments, LLC, Joey Kelley, Keith Templet and Kristen Kelley v. Russell Phillips* filed in the Chancery Court of Pike County, Cause No. 2007-54;

b)   *Regions Bank v. RJK Investments, LLC, et al* filed in the Circuit Court of Pike County, Cause No. 07-167-PCT;

c)   *RJK Investments and Charles R. Phillips v. Joey P. Kelley, Keith D. Templet, Pike*

EXHIBIT
"A"

*County National Bank and Samuel C. Hall,* Cause No. 08-136-PCT.

4.

As a result of the suits, approximately $53,000 was deposited into a court ordered account. The various parties claim an interest in the funds.

5.

The Trustee and the parties have reached a compromise and settlement. The terms of the settlement are as follows:

A) Regions Bank shall receive $20,000 as payment in full and shall execute a release to RJK Investments, LLC, Joey Kelley, Keith Templet, Kristen Kelley and Russell Phillips from any further responsibility and liability;

B) Pike County National Bank shall receive $25,000 as settlement and shall execute a release to RJK Investments, LLC, Joey Kelley, Keith Templet, Kristen Kelley and Russell Phillips from any further responsibility and liability;

C) The Trustee shall execute a release and an Order of Dismissal with prejudice in the case of *RJK Investments, LLC, Joey Kelley, Keith Templet and Kristen Kelley v. Russell Phillips* filed in the Chancery Court of Pike County, Cause No. 2007-54;

D) The Trustee shall execute a release and an Order of Dismissal with prejudice in the case of *Regions Bank v. RJK Investments, LLC, et al* filed in the Circuit Court of Pike County, Cause No. 07-167-PCT. All parties will be released from any further responsibility and liability on the note and monies due and owing to Regions Bank;

E) The Trustee shall execute an Order of Dismissal with prejudice in the case of *RJK Investments and Charles R. Phillips v. Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall,* Cause No. 08-136-PCT. Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall will be released from any further responsibility and liability in this case; and

F) The remainder of the funds of approximately $8,000 shall be released and paid to the Trustee for the benefit of the bankruptcy estate.

34

11

6.

On February 23, 2010, the Trustee filed his Motion to Approve Compromise and Settlement. After notice to creditors and parties-in-interest, no objections have been filed. The Motion is well taken and should be granted.

7.

The settlement is fair and reasonable and in the best interest of the bankruptcy estate.

8.

The settlement complies with the 5th Circuit standards for approving compromise and settlements.

9.

A basic policy in bankruptcy cases is that compromise is favored. 10 Lawrence P. King, Collier on Bankruptcy, ¶9019.01 at 9019-2 (15th ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it

apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* at 424.

10.

The Fifth Circuit standard has been stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

(1)  [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,
(2)  [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
(3)  [a]ll other factors bearing on the wisdom of the compromise.

35

12

119 F.3d 349 (5th Cir. 1997). *Id.* at 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

11.

The settlement allows all controversies and issues to be resolved without further litigation. Due to the complexity and likely duration of the litigation, it is in the best interest to settle the matters. There is also uncertainty as to the outcome of any litigation. If the case is settled, the bankruptcy estate would no longer incur the expense, inconvenience and delay of litigation in the avoidance action. Under the circumstances, this settlement is in the best interest of the bankruptcy estate and is fair and equitable.

THEREFORE, IT IS ORDERED that the Trustee's Motion to Approve Compromise and Settlement is hereby granted.   The settlement is approved as follows:

A)   Regions Bank shall receive $20,000 as payment in full and shall execute a release to RJK Investments, LLC, Joey Kelley, Keith Templet, Kristen Kelley and Russell Phillips from any further responsibility and liability;

B)   Pike County National Bank shall receive $25,000 as settlement and shall execute a release to RJK Investments, LLC, Joey Kelley, Keith Templet, Kristen Kelley and Russell Phillips from any further responsibility and liability;

C)   The Trustee shall execute a release and an Order of Dismissal with prejudice in the case of *RJK Investments, LLC, Joey Kelley, Keith Templet and Kristen Kelley v. Russell Phillips* filed in the Chancery Court of Pike County, Cause No. 2007-54;

D)   The Trustee shall execute a release and an Order of Dismissal with prejudice in the

36

13

case of *Regions Bank v. RJK Investments, LLC, et al* filed in the Circuit Court of Pike County, Cause No. 07-167-PCT. All parties will be released from any further responsibility and liability on the note and monies due and owing to Regions Bank;

E)    The Trustee shall execute an Order of Dismissal with prejudice in the case of *RJK Investments and Charles R. Phillips v. Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall*, Cause No. 08-136-PCT. Joey P. Kelley, Keith D. Templet, Pike County National Bank and Samuel C. Hall will be released from any further responsibility and liability in this case; and

F)    The remainder of the funds of approximately $8,000 shall be released and paid to the Trustee for the benefit of the bankruptcy estate.

IT IS FURTHER ORDERED that the a separate final judgment shall be entered.

SO ORDERED.

Edward Ellington
United States Bankruptcy Judge
Dated: March 22, 2010


Submitted by:

DEREK A. HENDERSON, TRUSTEE
AND ATTORNEY FOR THE TRUSTEE
111 East Capitol Street, Suite 455
Jackson, Mississippi 39201

37

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          BANKRUPTCY PROCEEDING

CHARLES R. PHILLIPS                             CASE NUMBER: 08-03581 EE

## FINAL JUDGMENT

THIS MATTER COMES before the Court upon Motion to Approve Compromise and Settlement filed Derek A. Henderson, Trustee (Docket No. 44). By separate Order, the Court has granted the Motion.

THEREFORE, IT IS ORDERED that this Final Judgment is hereby entered granting the Trustee's Motion to Approve Compromise and Settlement (Docket No. 44). All terms and provisions contained in the Court's Order are hereby incorporated.

SO ORDERED.

*Edward Ellington*

Edward Ellington
United States Bankruptcy Judge
Dated: March 22, 2010

Submitted by:

*Derek A. Henderson*

DEREK A. HENDERSON, TRUSTEE
AND ATTORNEY FOR THE TRUSTEE
111 East Capitol Street, Suite 455
Jackson, MS 39201

38

15