# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00788-COA

| | |
|---|---|
| **LAQUITA BURGESS** | **APPELLANT** |

**v.**

| | |
|---|---|
| **MCKINLEY WILLIAMSON** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2017 |
| TRIAL JUDGE: | HON. FRANKLIN C. MCKENZIE JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GAY L. POLK-PAYTON |
| ATTORNEY FOR APPELLEE: | MICHAEL CLAYTON BAREFIELD |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 10/02/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., WILSON AND TINDELL, JJ.

### WILSON, J., FOR THE COURT:

¶1.    Laquita Burgess and McKinley Williamson have a daughter, Elizabeth, who was born in 1999.  Prior to 2015, Burgess and Williamson had an extra-judicial custody and support arrangement.  In 2015, Williamson petitioned the Jones County Chancery Court to determine custody and support.  The court awarded physical custody to Williamson, visitation to Burgess, and joint legal custody.  The court also ordered Burgess to pay child support to Williamson.  One year later, Williamson filed a petition for contempt alleging that Burgess was behind on child support.  Burgess answered and sought a modification of her support obligation.  The day before the hearing on the petition and counterclaim, Burgess filed a motion to dismiss alleging that the court lacked jurisdiction.  Burgess did not attend the

hearing the following day, although her attorney was present. The chancery court denied Burgess's motion to dismiss and found her in contempt for failing to pay child support.

¶2. On appeal, Burgess alleges that the chancery court lacked jurisdiction and erred in setting child support. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. Burgess and Williamson have never been married but have a daughter, Elizabeth, who was born in Forrest County in 1999. Burgess allowed Williamson to have physical custody of Elizabeth in 2003, and Elizabeth lived with Williamson and his wife in Georgia from 2003 to 2009. Williamson's wife is a member of the United States Air Force, and in January 2010 the Williamsons moved to Ramstein Air Base in Germany with Elizabeth and their other two children. Burgess consented to Elizabeth's move to Germany with Williamson.

¶4. On January 20, 2015, Williamson filed a petition for custody and child support in the Jones County Chancery Court. Although he and Elizabeth still lived in Germany, Williamson asserted that he was a resident of Jones County and that the Jones County Chancery Court had jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *See* Miss. Code Ann. § 93-27-201 (Rev. 2013). Williamson sought sole physical and joint legal custody of Elizabeth. He alleged that Elizabeth's passport had recently expired and that he had been unable to obtain Burgess's written consent to renew the passport. As a result, Elizabeth was "unable to leave Germany." Williamson also sought an order requiring Burgess to pay child support.

¶5. Burgess filed an answer. She denied that Williamson was a resident of Jones County,

but she admitted that the chancery court had jurisdiction, and she filed a counterclaim for physical custody of Elizabeth and child support. Burgess alleged that she was a resident of Forrest County, although she was then stationed at Fort Meade in Maryland as a member of the United States Army.

¶6. After a trial,[1] the chancery court entered a final judgment on September 8, 2015, granting physical custody to Williamson with joint legal custody and visitation rights to Burgess. The court ordered Burgess to pay $827 in child support each month, "[i]n accordance with statutory guidelines, as applied to [Burgess's] Rule 8.05 Financial Declaration."[2] Neither party appealed the court's final judgment.

¶7. In November 2016, Williamson filed a petition for contempt and requested entry of a wage withholding order against Burgess. Williamson alleged that Burgess had unilaterally reduced her monthly support payments and had failed to make some payments altogether. He requested that the court find Burgess in contempt and enter a judgment for the arrearage and his attorney's fees. By this time, Burgess had relocated to a United States Army base in Germany, where she was served by certified mail.

¶8. Burgess answered Williamson's petition and counterclaimed for a modification of support based on an alleged change in her income. In her answer, Burgess "denied," without explanation, Williamson's allegation that the court had jurisdiction under the UCCJEA.

---

[1] The record in this appeal does not include a transcript of the 2015 trial.

[2] The guidelines provide that support for one child should be fourteen percent of the non-custodial parent's adjusted gross income. *See* Miss. Code Ann. § 43-19-101(1) (Rev. 2015). Burgess reported adjusted gross income of $5,906.25.

However, in her counterclaim, she expressly acknowledged that the chancery court had "jurisdiction of the parties." She also waived any issues related to service of process pursuant to an agreed order setting the case for trial on May 4, 2017.

¶9. On May 3, 2017—one day before trial—Burgess filed a one-page motion to dismiss for lack of jurisdiction in which she alleged (1) that neither she nor Elizabeth had "ever resided in . . . Mississippi" and (2) that "[t]he Country of Germany ha[d] assumed jurisdiction as the child ha[d] lived there always." The only legal authorities cited in the motion were Mississippi Code Annotated section 13-3-57 (Rev. 2012), which addresses service of process on nonresidents, and section 93-11-67 (Rev. 2013), which addresses personal jurisdiction and service of process in actions to enforce child support orders.

¶10. Burgess noticed her motion for a hearing the next day—the day of trial—but she did not appear in court. Her attorney informed the court that he had met with Burgess the day before, and she made clear that she would not be attending the trial. Counsel stated that he had "filed [the] motions that [Burgess] asked [him] to" and had done "everything in [his] ability . . . to represent [Burgess]." The court denied Burgess's motion to dismiss, stating that she had appeared and defended the case in 2015 and did not appeal the final judgment that determined custody and support. Williamson then testified briefly as to Burgess's failure to pay support, and the hearing concluded.

¶11. The chancery court entered a final judgment of contempt on May 9, 2017. The court ruled that it retained jurisdiction pursuant to the UCCJEA. The court also found that Burgess had waived any objection to personal jurisdiction. The court entered judgment against

4

Burgess for $11,539, consisting of a child support arrearage of $6,852 and attorney's fees of $4,687. The court also entered a wage withholding order against Burgess.

¶12. Burgess retained new counsel and filed a timely notice of appeal. Her statement of issues lists three issues: (1) "the chancery court erred in assuming jurisdiction," (2) "the chancery court erred in awarding custody," and (3) "the chancery court erred in setting child support." However, her five-page brief addresses only the first and third issues.

**ANALYSIS**

¶13. "When reviewing a decision of a chancellor, this Court applies a limited abuse of discretion standard of review." *Mabus v. Mabus*, 890 So. 2d 806, 810 (¶14) (Miss. 2003). We will affirm the decision if it is "supported by substantial evidence" unless the chancery court abused its discretion, clearly or manifestly erred, or applied an "erroneous legal standard." *Id.* at 819 (¶53). "However, on issues of law, our standard of review is de novo." *Stroh v. Stroh*, 221 So. 3d 399, 406 (¶17) (Miss. Ct. App. 2017).

**I.      Jurisdiction**

¶14. Burgess's appellate brief fails to develop her claim that "the chancery court erred in assuming jurisdiction." She devotes less than one page to this issue, and she cites no authority in support of her argument. Indeed, it is not clear whether she is raising an issue of personal jurisdiction or subject matter jurisdiction. Because she fails to cite authority or develop this argument, the issue is waived. *See Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017) (citing M.R.A.P. 28(a)(7)), *cert. denied*, 229 So. 3d 712 (Miss. 2017).

¶15. Moreover, it is clear that Burgess waived any possible objection to personal

jurisdiction by appearing and defending the case on the merits in the chancery court, asserting a counterclaim in which she expressly alleged that the chancery court had "jurisdiction of the parties," and waiving all issues related to service of process in the agreed order setting the trial. *See* Miss. Code Ann. § 93-5-201 (Supp. 2017) ("In a proceeding to . . . enforce a support order . . . , a tribunal of this state may exercise personal jurisdiction over a nonresident individual . . . if: (2) The individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance or by filing a responsive document having the effect of waiving any contest to personal jurisdiction . . . ."); *see also Ridgeway v. Hooker*, 240 So. 3d 1202, 1208 (¶25) (Miss. 2018) ("Personal jurisdiction is an individual right that can be waived."). Burgess took all of those steps *before* she filed a vague, single-page motion to dismiss for lack of jurisdiction. Therefore, in the chancery court, she waived any objection based on personal jurisdiction.

¶16. Burgess has never expressly challenged the chancery court's subject matter jurisdiction under the UCCJEA. In any event, the present contempt action concerns only nonpayment of child support, not custody, so the UCCJEA is inapplicable. *See Vaile v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 44 P.3d 506, 515 (Nev. 2002) (recognizing that "a court might order one party to pay child support to another in the exercise of its personal jurisdiction over the parties," even if the court lacked subject matter jurisdiction over issues of custody).[3] A chancery court clearly has subject matter jurisdiction to enforce

[3] Indeed, Elizabeth's "custody" is no longer subject to modification, as she turned eighteen shortly after Williamson filed the present petition for contempt. *See* Miss. Code Ann. § 93-27-102(b) (Rev. 2013) (defining a "child" for purposes of custody determinations under the UCCJEA as "an individual who has not attained eighteen (18) years of age").

its own child support order, and Burgess points to nothing in the record that would have divested the chancery court of subject matter jurisdiction in this case.[4]

¶17. Finally, if Burgess is trying to argue that the chancery court lacked jurisdiction to enter the *original* (September 8, 2015) final judgment awarding custody and support, her claim is barred by the doctrine of res judicata. *See Phillips v. Kelley*, 72 So. 3d 1079, 1083-84 (¶¶16-18) (Miss. 2011) (following *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009)). When a party enters an appearance, is "given a fair chance to challenge" the court's jurisdiction, and litigates the case to a final judgment, that party "cannot challenge [the court's jurisdiction in a later proceeding] by resisting enforcement of the [final judgment]." *Travelers*, 557 U.S. at 153. "[A]ny challenge to the . . . court's jurisdiction should have been taken up" in the original proceeding or "on direct appeal from the original order." *Phillips*, 72 So. 3d at 1084 (¶17) (citing *Travelers*, 557 U.S. at 152). Once a case is litigated to a final judgment, and no appeal is taken, a party who participated in the original litigation cannot collaterally attack the court's jurisdiction in a later proceeding. *Id.* at 1084 (¶18) ("[S]ubject matter jurisdiction . . . may not be attacked collaterally.") (quoting *Travelers*, 557 U.S. at 152)); *see also Dep't of Human Servs. v. Shelnut*, 772 So. 2d 1041, 1045 (¶13) (Miss. 2000) ("The principles of res judicata apply to questions of jurisdiction as well as to other issues whether the questions relate to jurisdiction of the subject matter or jurisdiction of the parties."); *Restatement*

---

[4] At the May 4, 2017 hearing in the chancery court, Williamson introduced an order showing that Burgess had filed some type of "application" in a German court. However, the order does not describe the nature of the proceeding and shows that it was "withdrawn" in February 2017. Consistent with the limited information contained in the order, Williamson testified that Burgess voluntarily dismissed the case.

7

*(Second) of Judgments* § 12 (1982) ("When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation [subject to three narrow exceptions, inapplicable in this case].").

¶18. Burgess answered Williamson's original petition for custody and child support, she filed a counterclaim, the case proceeded to trial, and the chancery court entered a final judgment on September 8, 2015. In that judgment, the chancery court expressly ruled that it had jurisdiction.[5] Burgess could have challenged the chancery court's jurisdiction in that proceeding, and she could have appealed the final judgment. But she did neither. She is now barred from raising jurisdictional issues that she failed to pursue in the 2015 proceeding. *See Phillips*, 72 So. 3d at 1083-84 (¶¶16-18); *Travelers*, 557 U.S. at 152-53.[6]

¶19. In summary, the chancery court clearly had subject matter jurisdiction to decide the contempt petition at issue in this appeal, and Burgess waived any objection to personal jurisdiction. She waived the issue in the chancery court by defending the case on the merits without preserving any jurisdictional objection and by asserting a counterclaim that expressly alleged that the court had personal jurisdiction. She also waived the issue on appeal by

---

[5] Moreover, "[a] judgment is presumed to have resolved all issues in favor of the validity of the judgment." *Shelnut*, 772 So. 2d at 1047 (¶20).

[6] Burgess had another option: she could have "ignore[d] the complaint and summons" in the original action to determine custody and support. *Shelnut*, 772 So. 2d 1045 (¶14). If she had done so, and if a judgment had been entered against her, she then could have "challenge[d] that judgment on jurisdictional grounds in a collateral proceeding . . . to enforce the judgment," including a contempt proceeding such as this one. However, that is not the option Burgess chose. She chose to participate in the original litigation, so she is now bound by the September 8, 2015 judgment.

failing to develop any clear argument. Finally, the doctrine of res judicata bars any jurisdictional objection to the September 8, 2015 final judgment.

## II. Custody

¶20. As noted above, Burgess's second issue in her statement of issues asserts that "the chancery court erred in awarding custody." However, she fails to address that issue in the body of her brief. Therefore, the issue is procedurally barred. *Sumrall v. State*, 758 So. 2d 1091, 1094 (¶6) (Miss. Ct. App. 2000). Moreover, the chancery court did not award custody in the judgment of contempt that is presently on appeal. Custody was determined in the 2015 final judgment, which Burgess did not appeal. Therefore, the issue is beyond the scope of this appeal. *See Chasez v. Chasez*, 957 So. 2d 1031, 1037 (¶14) (Miss. Ct. App. 2007) (holding that "issues [that] should have been brought on direct appeal of [a] divorce judgment" cannot be re-litigated in a subsequent contempt proceeding). Finally, as noted above, the issue of custody is now moot since Elizabeth is now nineteen years old. *See supra* n.3. In summary, the issue is both procedurally barred and without merit.

## III. Child Support

¶21. Burgess's final claim is that "the chancery court erred in setting child support." Under this heading, she alleges that the chancery court failed to make written findings to support an upward deviation from the statutory guidelines in its original support award. However, the chancery court did not deviate from the guidelines; rather, the court followed the guidelines by ordering Burgess to pay fourteen percent of her adjusted gross income. *See supra* (¶6) & n.2. More important, Burgess's argument is procedurally barred. Any claim

that the chancery court erred in setting child support should have been raised in an appeal from the 2015 judgment, not on appeal in this contempt action. *See Chasez*, 957 So. 2d at 1037 (¶14). Finally, as she failed to appear at the May 4, 2017 hearing, Burgess offered no evidence in support of her counterclaim for modification of child support. *See generally McEwen v. McEwen*, 631 So. 2d 821, 823 (Miss. 1994) (discussing the standard for modifying child support). This issue is also procedurally barred and without merit.

## IV. Attorney's Fees

¶22. Williamson requests an award of attorney's fees amounting to half of the attorney's fee award allowed by the chancery court. Based on Burgess's contempt, the chancery court awarded Williamson attorney's fees in the amount of $4,687. Consistent with our common practice, we award Williamson an additional $2,343.50 for attorney's fees on appeal. *See Heisinger v. Riley*, 243 So. 3d 248, 260 (¶48) (Miss. Ct. App. 2018); *Riley v. Riley*, 196 So. 3d 1159, 1164 (¶23) (Miss. Ct. App. 2016) ("Generally, on appeal this Court awards attorney's fees of one-half of what was awarded in the trial court.").

## CONCLUSION

¶23. Because Burgess did not appeal the 2015 judgment awarding custody and support to Williamson, her challenges to the original award of custody and support are barred. In addition, she waived any claim that the chancery court lacked personal jurisdiction in this proceeding. Therefore, the judgment of the chancery court is affirmed. In addition, we award Williamson appellate attorney's fees of $2,343.50.

¶24. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**