# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01234-COA

JOSEPH S. McFALL                                                                APPELLANT

v.

BERNADINE McFALL OSBORNE                                        APPELLEE

DATE OF JUDGMENT:              10/13/2023
TRIAL JUDGE:                           HON. MARK ANTHONY MAPLES
COURT FROM WHICH APPEALED:   JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       STEPHEN J. MAGGIO
ATTORNEY FOR APPELLEE:        OTTIS B. CROCKER III
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
DISPOSITION:                  AFFIRMED - 04/08/2025
MOTION FOR REHEARING FILED:

### BEFORE BARNES, C.J., McCARTY AND ST. PÉ, JJ.

### ST. PÉ, J., FOR THE COURT:

¶1.    Bernadine McFall Osborne and Joseph McFall were granted a divorce and property settlement in 2010, which was modified in 2021 upon Bernadine's motion. Neither Bernadine nor Joseph appealed the 2021 modification judgment, and it became final. Seven months after the judgment, Bernadine petitioned the chancery court to hold Joseph in contempt for failure to abide by the 2021 judgment. Joseph filed a motion under Mississippi Rule of Civil Procedure 60(b), arguing that the chancellor's 2010 judgment and the subsequent 2021 judgment were preempted by federal law. After a hearing, the chancellor denied Joseph's motion, and he appealed.

¶2.    For the reasons addressed, we find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

*2010 Judgment of Divorce and Property Settlement*

¶3.     In February 2010, the Jackson County Chancery Court entered a judgment of divorce for Bernadine McFall and Joseph McFall. Bernadine and Joseph had agreed to a divorce on the grounds of irreconcilable differences and stipulated several issues for the chancellor to determine, including the equitable division of "all the marital assets and liabilities of the parties accumulated during the marriage." Of particular import to this case, the judgment ordered that Bernadine should receive "a sum equal to one-half of all future military retirement payments" received by Joseph. Neither party appealed the judgment or division of assets.

*2021 Judgment of Modification/Clarification*

¶4.     In May 2020, Bernadine filed a "Complaint for Modification, and/or for Clarification." Bernadine alleged that Joseph "had his future benefits deemed as disability benefits" rather than retirement benefits and that by doing so, he had "thwarted" the 2010 judgment. Bernadine asked the chancery court to modify Joseph's support obligation to provide her one-half of the benefits as contemplated by the 2010 judgment. Joseph answered the complaint and argued that there had been no material change in circumstances since the February 2010 divorce and that he was not receiving retirement benefits from the military.

¶5.     In October 2021, following a hearing, the chancellor[1] found that the original chancellor intended Bernadine to receive money equal to half of whatever Joseph's military retirement payments would be and that the chancellor had not awarded Bernadine a portion

---

[1] By this time, a new chancellor was on the bench.

of Joseph's actual military retirement.[2] The chancellor found that the language of the original judgment "does not foreclose Bernadine's ability to collect on Joseph's military retirement but rather allows the parties to calculate an estimated amount of Joseph's retirement through the use of actuarial tables and the like." The chancellor then ordered that Bernadine receive $800 per month from Joseph. Neither party filed any post-trial motions or appealed the chancellor's judgment.

*2023 Judgment Denying Rule 60(b) Relief*

¶6. In May 2022, Bernadine filed a complaint for contempt, claiming that Joseph had not made any of the $800 payments as ordered in the 2021 judgment. Four months later, Joseph filed a "Motion for Relief from Judgment" attacking the **2010 judgment**, arguing that the chancellor erred by granting Bernadine any interest in military retirement because he did not receive military retirement benefits and never would. Joseph also sought Rule 60(b) relief from the October 2021 judgment, arguing that the chancery court lacked jurisdiction to divide a VA disability payment under federal law and that the chancellor improperly modified the 2010 judgment because Bernadine never filed post-trial motions or appealed the 2010 judgment.

¶7. In October 2023, the chancellor denied Joseph's Rule 60(b) motion. The chancellor

---

[2] The chancellor raised sua sponte the issue of a state court's ability to divide military retirement or disability; neither party addressed it in their motions or at the hearing. The chancellor cited *Mansell v. Mansell*, 490 U.S. 581 (1989); *Mallard v. Burkart*, 95 So. 2d 1264 (Miss. 2012); and *Howell v. Howell*, 581 U.S. 214 (2017), concluding that "military disability pay is exempt when it comes to division of assets, particularly military retirement, in divorce cases." The chancellor concluded that the 2010 judgment did not violate this principle because it did not give Bernadine "a portion of Joseph's military retirement but rather 'a sum equal to one-half' of his future military retirement."

found that neither party had filed post-trial motions after the 2021 judgment or appealed from the 2021 judgment and that the 2021 judgment was therefore final. The chancellor also found that Joseph had willfully failed to comply with the 2021 judgment and owed Bernadine $18,500. The chancellor held Joseph in contempt, ordered him to serve a sixty-day sentence over thirty consecutive weekends, and ordered him to pay Bernadine $2,000 in attorney's fees.

¶8.     Joseph filed a notice of appeal. On appeal, Joseph asserts five issues,[3] but they can be condensed into these three: did the chancellor err by denying Joseph's Rule 60(b) motion challenging the 2021 judgment; did the chancellor err in 2021 by modifying the 2010 judgment; and did the chancellor err by holding Joseph in contempt? We find no error and affirm.

**ANALYSIS**

**I.     Rule 60(b) Denial**

¶9.     Joseph argues that the chancellor "was unequal" when he denied the September 2022

---

[3] Joseph's arguments follow: "Whether the Supremacy Clause and federal preemption prohibited the subsequent Chancellor from dividing Joseph McFall's military disability benefits in his Judgment of October 22, 2021?"; "Whether res judicata prohibited the subsequent Chancellor's modification in October of 2021 of the property division made eleven years previous by the original Chancellor in his February 12, 2010, Final Judgment of divorce to award Bernadine McFall one-half of Joseph McFall's military disability payments?"; "Whether it was proper in October of 2021 for the successor Chancellor to overrule the property division done by the original Chancellor in February of 2010?"; "Whether the subsequent Chancellor erred in his October 23, 2023, Judgment by denying Joseph McFall's Rule 60 motion for relief?"; and "Whether the subsequent Chancellor erred in his October 23, 2023, Judgment holding Joseph McFall in contempt for not paying Bernadine a portion of his VA disability payments and whether it was error to order his incarceration for non-payment of the VA disability benefits and/or property settlement payments?"

4

Rule 60(b) motion because he had previously modified the 2010 judgment following Bernadine's 2020 motion for modification. As addressed *infra*, the chancellor may modify an award of spousal support where there is a material change in circumstances. Bernadine's motion for modification or clarification was not a motion under Rule 60(b).[4]

¶10.    Appellate courts review the grant or denial of Rule 60(b) motions for an abuse of discretion. *Smith v. Doe*, 268 So. 3d 457, 461 (¶7) (Miss. 2018). In doing so, "we ask first if the court below applied the correct legal standard. If so, we then consider whether the decision was one of those several reasonable ones which could have been made." *Id.* (quoting *Burkett v. Burkett*, 537 So. 2d 443, 446 (Miss. 1989)). However, where a jurisdictional question is raised as it relates to a Rule 60(b) motion, we review the issue de novo. *Indymac Bank, F.S.B. v. Young*, 966 So. 2d 1286, 1288 (¶5) (Miss. Ct. App. 2007) (citing *Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1150 (¶8) (Miss. 2004)).

¶11.    Under Rule 60(b), a party can move for relief from judgment for the following reasons:

    (1) fraud, misrepresentation, or other misconduct of the adverse party;

    (2) accident or mistake;

    (3) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (4) the judgment is void;

---

[4] Joseph's claim of "unequal" treatment is based on a misunderstanding of chancery practice. Pages 33 through 43 of Joseph's opening appellate brief focus singularly on the 2021 judgment, not on the denial of his own Rule 60 motion. We devote more time to this argument in Part II of this opinion.

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6) any other reason justifying relief from judgment.

M.R.C.P. 60(b). The Rule also provides that motions for Rule 60(b) relief must "be made within a reasonable time, and for reasons (1), (2) and (3)[,] not more than six months after the judgment, order, or proceeding was entered or taken." *Id.* The party seeking Rule 60 relief has the burden of persuasion. *See Roberts v. Lopez*, 148 So. 3d 393, 400 (¶16) (Miss. Ct. App. 2014); *Collins v. Collins*, 188 So. 3d 581, 585 (¶7) (Miss. Ct. App. 2015). "[A] Rule 60 motion does not concern the merits of the underlying claim, only whether the movant is entitled to relief from the judgment for one of the limited grounds permitted by the rule." *In re Est. of Wylie*, 226 So. 3d 114, 120 (¶16) (Miss. Ct. App. 2017).

¶12.    In his Rule 60(b) motion, Joseph asserted that the chancery court "lacked jurisdiction" to divide his VA disability payments and that federal law preempted any state court attempt to divide those benefits.[5] Much of his motion was an attack on the facts, which he had already argued in his response to Bernadine's motion to modify.[6] At the hearing on his Rule

---

[5] He also argued that the chancellor "improperly modified" the 2010 judgment, again misunderstanding that Bernadine had not filed a Rule 60(b) motion.

[6] At no point in Joseph's 2020 response to Bernadine's motion to modify did he argue that the trial court lacked jurisdiction under federal law to divide the VA or military benefits. He argued simply that he did not have military retirement benefits, only disability.

However, at the hearing on his Rule 60(b) motion, Joseph's counsel argued briefly that the chancellor could not divide his disability benefits under federal law. He had not been Joseph's attorney for the 2021 judgment, and he told the chancellor that "the distinction [between retirement and disability] was [not] made clear to the Court when it entered the order in 2021." This statement is a clear attempt to relitigate the prior issue of modification.

6

60(b) motion, Joseph again primarily attacked the facts and whether he was receiving military or disability benefits.

¶13. The ink Joseph spilled arguing over the merits of the chancellor's decision suggests he is using his Rule 60(b) motion as a way to relitigate what could have been appealed in 2021. That is not a ground for Rule 60(b) relief. This Court cannot review the merits of an underlying judgment following the denial or grant of a Rule 60(b) motion. *See Wylie*, 226 So. 3d at 120 (¶16); *Brackin v. Burton*, 755 So. 2d 462, 465 (¶15) (Miss. Ct. App. 1999). To the extent that Joseph sought relief from the 2021 judgment based on the merits of the chancellor's modification, the chancellor properly denied Rule 60(b) relief.

¶14. While Joseph's primary focus appears to have been on the merits of the division, his Rule 60(b) motion does mention that the chancellor "lacked jurisdiction to divide the VA disability payments [because] Federal law is controlling and preemptive." His motion provides no further support for this statement. At the hearing, Joseph's counsel's argument focused mainly on the classification of benefits and argued that he could collaterally attack the 2010 and 2021 judgments, citing a Nebraska Supreme Court case, *Ryan v. Ryan*, 257 N.W.2d 739 (Neb. 1999).

¶15. *Ryan* held that a husband could collaterally attack a support award that divided VA disability benefits on a theory of federal preemption. *Id.* at 744-45. However, the Nebraska Supreme Court overruled *Ryan* in 2023, noting that "[i]t has been widely held . . . that if the military benefits are initially divided by a state court in violation of federal preemption, but the service member fails to file a proper appeal, the decision is final and the benefits at issue

are divided in accordance with the initial award." *Parish v. Parish*, 991 N.W.2d 1, 8 (Neb. 2023) (citing *Martin v. Martin*, 520 P.3d 813 (Nev. 2022); *Foster v. Foster*, 983 N.W.2d 373 (Mich. 2022); *In re Marriage of Kaufman*, 485 P.3d 991 (Wash. Ct. App. 2021); *Shelton v. Shelton*, 78 P.3d 507 (Nev. 2003); *In re Marriage of Mansell*, 265 Cal. Rptr. 227 (1989)). Joseph cited no Mississippi caselaw to support his claim that he could collaterally attack the earlier judgments.

¶16.    This Court has faced a similar issue before. In *Manley v. Manley*, 378 So. 3d 390 (Miss. Ct. App. 2023), a chancellor incorporated a property settlement agreement into a divorce order, which provided that the parties would "equally divide (50/50) [the husband's] military retirement. It is further agreed and understood that . . . the actual estimated monthly distribution to each party shall be $821.50, but in all instances payment to [wife] shall be exactly 50% of the retirement pay." *Id.* at 394 (¶7). After the husband failed to make payments, the wife initiated contempt proceedings, and the husband argued that the division did not include VA disability benefits, only military retirement pay. *Id.* at (¶8).

¶17.    In our opinion upholding the chancellor's finding of contempt, we recognized that "state courts are precluded from ordering distribution of military disability benefits contrary to federal law." *Id.* at 395 (¶13) (quoting *Mallard*, 95 So. 3d at 1266 (¶21)). The husband had not argued that the property settlement was void under federal law, and we declined to raise the issue sua sponte. *Id.* at (¶14). But we noted that many states have held that a judgment dividing marital property is not void or subject to collateral attack if the state court had subject matter jurisdiction. *Id.* at n.5. Put plainly, if the trial court has subject matter

jurisdiction to divide marital property, then its judgment—while it may be erroneous—is not void. *See also Harvey v. Stone Cnty. Sch. Dist.*, 982 So. 2d 463, 468 (¶9) (Miss. Ct. App. 2008) ("A judgment cannot be set aside simply because it is erroneous."). We thus concluded in *Manley* that the federal provisions that prohibited a state court's division of military or disability benefits were "not jurisdictional in the sense that they should or must be raised sua sponte by an appellate court." *Id.* at 395-96 (¶15).

¶18.    In *Burgess v. Williamson*, 270 So. 3d 1031 (Miss. Ct. App. 2018), we dealt with a collateral attack on an allegedly erroneous judgment: a father filed a custody action in chancery court, the chancery court found that it had jurisdiction and awarded custody to the father, and the mother did not appeal the judgment. *Id.* at 1033, 1037 (¶¶4-6, 18). But the mother later tried to attack the court's subject matter jurisdiction in a contempt proceeding. *Id.* at 1035-36 (¶¶17-18). On appeal, this Court held that "once a case is litigated to a final judgment, and no appeal is taken, a party who participated in the original litigation cannot collaterally attack the court's jurisdiction in a later proceeding." *Id.* at 1036 (¶17) (citing *Phillips v. Kelley*, 72 So. 3d 1079, 1084 (¶18) (Miss. 2011) ("[S]ubject matter jurisdiction may not be attacked collaterally."); *Dep't of Hum. Servs. v. Shelnut*, 772 So. 2d 1041, 1045 (¶13) (Miss. 2000) ("The principles of res judicata apply to questions of jurisdiction . . . whether the questions relate to jurisdiction of the subject matter or jurisdiction of the parties.").

¶19.    Finally, we note that a Rule 60(b)(4) motion for relief due to a void judgment can only be granted where the court lacked jurisdiction or acted without due process. *Overbey v.*

*Murray*, 569 So. 2d 303, 306 (Miss. 1990); *B.E.G. v. R.C.*, 363 So. 3d 777, 783 (¶25) (Miss. Ct. App. 2019); *Clark v. Clark*, 43 So. 3d 496, 501 (¶21) (Miss. Ct. App. 2010).

¶20. The chancery court had jurisdiction to equitably divide Joseph and Bernadine's marital property, including any retirement sums. Neither the 2010 judgment awarding Bernadine a portion of Joseph's retirement pay nor the 2021 judgment modifying the division of property were appealed, and both became final judgments. Because the chancellor had jurisdiction to divide the marital property and later to modify it, the 2010 and 2021 judgments are not void, and Joseph was not entitled to Rule 60(b) relief on that ground. Similarly, Joseph cannot collaterally attack the chancery court's jurisdiction after he failed to appeal any judgment beyond his Rule 60 motion. The chancellor did not err in denying Rule 60(b) relief.

## II. Modification of the 2010 Judgment

¶21. Joseph argues that the chancellor erred in his 2021 judgment by allowing modification of the 2010 judgment because Bernadine had not filed a post-trial motion or appeal from the 2010 judgment. Joseph asserts that the modification was based on an "unspecified procedural remedy" and that res judicata prevented the chancellor from modifying the 2010 judgment. He also argues that the modification was based on erroneous findings of fact.

¶22. Generally, matters ruled on and not appealed within thirty days are res judicata, and parties are procedurally barred from attempting to revive them on appeal. *See Lane v. Lane*, 850 So. 2d 122, 125 (¶6) (Miss. Ct. App. 2002); M.R.A.P. 4. Ironically, Joseph's attack on the merits of the 2021 judgment is barred by res judicata. Joseph did not appeal the 2021 judgment, and it became final when the time for post-trial motions and an appeal had passed.

10

M.R.A.P. 4. The 2021 judgment became final after Joseph failed to file any post-trial motions or a timely notice of appeal to the Supreme Court. He is procedurally barred from attacking the merits of the 2021 judgment, and we will not address his claims.

### III. Contempt

¶23. Chancellors have "substantial discretion in deciding contempt matters," and the question of contempt should "be decided on a case-by-case basis." *Gilliland v. Gilliland*, 984 So. 2d 364, 369-70 (¶19) (Miss. Ct. App. 2008). "[T]he inquiry in a contempt proceeding is limited to whether or not the order was violated, whether or not it was possible to carry out the order of the court, and if it was possible, whether or not such violation was an intentional and willful refusal to abide by the order of the court." *Ellis v. Ellis*, 840 So. 2d 806, 811 (¶18) (Miss. Ct. App. 2003) (quotation mark omitted). "The only defenses to a contempt violation include an inability to comply with the court order or that the court order was unclear." *Id.* (citations omitted). It is not a "defense . . . that the contemnor does not agree with the previous order and considers the order of the court decree to be wrong, even [if his] motives in so doing are based upon pure moral sentiment." *Id.* at (¶19) (quotation mark omitted). "A party must file a motion and obtain a modification of the judgment . . . rather than simply ignore its provisions." *Brown v. Hewlett*, 281 So. 3d 189, 199 (¶37) (Miss. Ct. App. 2019).

¶24. Substantial evidence supports the chancellor's finding of contempt. Joseph admitted that he had made no payment to Bernadine since the October 2021 judgment. Although he claimed he did not know about the order until May 2022, even after that date, Joseph continued to refuse to pay Bernadine benefits as ordered. The chancellor did not clearly err

11

or abuse his discretion by finding that Joseph's failure to pay was "willful contempt."

## CONCLUSION

¶25.    We affirm the chancellor's denial of Joseph's Rule 60(b) motion, as the chancellor had subject-matter jurisdiction to make the underlying judgment, and it was therefore not void. Joseph presents no other ground for Rule 60(b) relief.[7] We cannot address Joseph's claims attacking the merits of the underlying judgment because that judgment became final after Joseph failed to appeal it. Finally, we affirm the chancellor's finding Joseph in contempt for failure to pay Bernadine as ordered in the 2021 judgment.

¶26.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**

---

[7] Joseph argues that his Rule 60(b) motion was timely under Rule 60(b)(5) or Rule 60(b)(6), but the chancellor made no finding on the timeliness of the motion, and that was not the ground upon which he denied relief. Furthermore, Joseph did not argue those reasons under Rule 60(b) to the chancellor, nor does he make a meaningful argument on those grounds to this Court. But to be sure, we find no reason that Joseph would be entitled to relief for those reasons either.

Relief under Rule 60(b)(5) may be granted where the underlying judgment has been satisfied, released, discharged, or otherwise reversed or if the judgment "is no longer equitable" going forward. M.R.C.P. 60(b)(5). Joseph may cite this rule, but he makes no argument to support his claim for relief.

Relief under Rule 60(b)(6) may be granted for "any other reason justifying relief from the judgment." Motions under Rule 60(b)(6) "are meant for 'exceptional and compelling circumstances, such as for fraud upon the court.'" *Collins*, 188 So. 3d at 585 (quoting *Trim v. Trim*, 33 So. 3d 471, 475 (¶7) (Miss. 2010)). Joseph has argued no exceptional circumstance and instead has attempted to relitigate the case. "Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *City of Jackson v. Jackson Oaks Ltd. P'Ship*, 792 So. 2d 983, 986 (¶5) (Miss. 2001).